UNITED STATES of America,
Plaintiff,

v.

Victor Fajardo VELEZ,
et al., Defendants

No. CRIM. 02–042(HL).

United States District Court,
D. Puerto Rico.

Oct. 29, 2004.

## ORDER

LAFFITTE, District Judge.

Before the Court is Representative José Javier García Cabán's, Chairman of the Commission of Education and Culture of the Puerto Rico House of Representatives (hereinafter "Petitioner"), motion requesting the production of certain documents (Docket No. 671) which were exhibits in a grand jury proceeding and are currently in the possession of the Puerto Rico Secretary of Justice. The United States of America filed a sealed opposition to said motion. (Docket No. 674.)

For the reasons stated below, the Court **denies** Petitioner García Cabán's motion requesting the production of grand jury documents (Docket No. 671).

## BACKGROUND

On November 20, 2002, the Court authorized the federal government to release to the Puerto Rico Department of Justice documents and evidence that were submitted to the grand jury in the investigation that lead to the indictment in the above captioned case. (Docket No. 548.) The Court held in abeyance a request for release of the grand jury transcripts. *Id.* On January 8, 2003, after examining the grand jury transcripts for this case, the Court authorized the United States Attorney's Office to disclose the transcripts to only the Puerto Rico Special Independent Prosecutor "for the exclusive purpose of assisting him in the performance of his duties to enforce the criminal laws of Puerto Rico, in accordance with [former] Rule 6(e)(3)(C)(i)(IV) of the Federal Rules of Criminal Procedure." (Docket No. 605.) Subsequently, the Court authorized the United States Attorney's Office to release the grand jury materials to the Puerto Rico Secretary of Justice, with the instruction that those materials "shall be limited

exclusively to criminal proceedings," pursuant to Rule 6(e)(3)(E)(iii) of the Federal Rules of Criminal Procedure. (Docket No. 620.)

In accordance with Puerto Rico House of Representatives resolutions H.R. 2684 (2002), H.R. 4080 (2003), and H.R. 9107 (2004), the Commission of Education and Culture (hereinafter the "Commission") is investigating the use of public funds received by independent contractors and others from the Puerto Rico Department of Education. (*See* Docket No. 671.) On July 13, 2004, Petitioner García Cabán requested twenty-three checks from the Secretary of Justice of Puerto Rico for use in the Commission's investigation. (Docket No. 674, Ex. 1.) On September 14, 2004, the Secretary of Justice informed Carlos Vizcarrondo Irizarry, Speaker of the Puerto Rico House of Representatives, that the Department could not release the requested checks because the documents were part of a grand jury file and to divulge them to the Commission would be a violation of this Court's order of February 7, 2003. (Docket No. 674, Ex. 2.) On October 5, 2004, the Petitioner submitted the motion currently before the Court, requesting that the twenty-three checks be produced. (Docket No. 671.)

## DISCUSSION

There is a long-established policy to maintain the secrecy of grand jury proceedings. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424–25, 103 S.Ct. 3133, 3138, 77 L.Ed.2d 743 (1983); *United States v. McMahon*, 938 F.2d 1501, 1504 (1st Cir.1991). Federal Rule of Criminal Procedure 6(e)(2) provides that "a grand juror, an interpreter, a court reporter, an operator of a recording device, a person who transcribes recorded testimony, an attorney for the government, or a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii)" shall not disclose matters occurring before the grand jury, except as otherwise provided for in the rules. Fed.R.Crim.P. 6(e)(2). "[T]he interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." *Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979).

Rule 6(e)(3) provides exceptions to this secrecy requirement. Fed.R.Crim.P. 6(e)(3). The First Circuit has never held that courts have the authority to order disclosure of grand jury materials in situations that do not fall within any of the exceptions contained in Rule 6(e)(3), and there is a strong presumption against courts exercising such authority. *See* WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 106 at 386–88 (1990). In the Petitioner's request for grand jury documents to support a legislative investigation into the use of public funds, the Petitioner simply states that the requested documents are not covered by the grand jury secrecy requirements contained in Rule 6. The Petitioner does not reference any specific exception to Rule 6 which would entitle it to disclosure of grand jury materials.

The Court finds that Petitioner García Cabán's request for the production of grand jury documents does not fall into any of the exceptions enumerated in Rule 6(e)(3). The Commission is not: a government attorney, government personnel needed to assist a government attorney to enforce federal criminal law, a person authorized under 18 U.S.C. § 3322,[1] nor a defendant. *See* Fed.R.Crim.P. 6(e)(3)(A);

---

1. 18 U.S.C.A. § 3322 (2002) (authorizing disclosure of grand jury materials to an attorney for the government and banking regulators for enforcement of civil forfeiture and civil banking laws).

Fed.R.Crim.P. 6(e)(3)(E)(ii). Furthermore, it is clear that in the present request there is no implication of foreign intelligence information or violation of military criminal law. *See* Fed.R.Crim.P. 6(e)(3)(D); Fed.R.Crim.P. 6(e)(3)(E)(iv). Moreover, the Petitioner has not indicated any judicial proceeding, pending or impending, for which he requests the grand jury documents. *See* Fed.R.Crim.P. 6(e)(3)(E)(i). Thus, the only fathomable exception pertinent to the case at hand would be Rule 6(e)(3)(E)(iii), which permits disclosure "at the request of the government if it shows that the matter may disclose a violation of state or Indian tribal criminal law, as long as the disclosure is to an appropriate state, state subdivision, or Indian tribal official for the purpose of enforcing that law." Fed.R.Crim.P.R. 6(e)(3)(E)(iii). The Court previously released the checks at issue, as well as other related grand jury materials, to the Puerto Rico Secretary of Justice, pursuant to Rule 6(e)(3)(E)(iii), precisely for this purpose. (Docket No. 620.) In its order the Court prescribed the following:

> The Court ... authorizes the United States Attorney's Office to release to the Secretary of Justice copies of the grand jury transcripts from this case. The use of these and all other grand jury materials shall be limited exclusively to criminal proceedings. Their disclosure for any other purpose is hereby prohibited. In granting the [United States Attorney's Office's] request, the Court points out that the Secretary of Justice and all Department of Justice personnel involved in these criminal proceedings shall be bound by this order and by the confidentiality provision of Federal Rule of Criminal Procedure 6(e). *Id.*

The Secretary of Justice was an appropriate recipient of the grand jury materials because it had the authority to investigate and prosecute criminal cases against individuals or entities implicated in the grand jury materials. This cannot be said for the Commission, because the grand jury materials at issue have not been requested for purposes related to enforcing criminal laws and neither the Petitioner nor the Commission has the authority to enforce criminal laws.

Even if the Petitioner's request for grand jury materials fell into one of the exceptions to the secrecy requirement spelled out in Rule 6(e)(3), or the Court had the inherent power to order disclosure of grand jury materials in situations not expressed in Rule (6)(e)(3), the Court could not grant the Petitioner's request. In this jurisdiction, "documents identified as grand jury exhibits, and whose contents are testimonial in nature or otherwise directly associated with the grand jury process, such as affidavits and deposition transcripts, ordinarily may be withheld simply on the basis of their status as exhibits." *Church of Scientology Int'l v. United States Department of Justice,* 30 F.3d 224, 235 (1st Cir.1994). These materials are distinguished from preexisting documents, such as "business records or similar documents 'created for purposes independent of grand jury investigations, which have legitimate uses unrelated to the substance of the grand jury proceedings.'" *Id.* (quoting *United States v. Dynavac, Inc.,* 6 F.3d 1407, 1412 (9th Cir. 1993)). Preexisting documents that are used as grand jury exhibits may be subject to nondisclosure if the government provides "some basis for a claim that releasing them will implicate the secrecy concerns protected by Rule 6(e)." *Id.*

In the present case, the Petitioner is seeking the disclosure of preexisting documents, twenty-three checks, which were all grand jury exhibits. In its opposition, the United States Attorney's Office argues

that the release of the checks would be a violation of Rule 6(e) because all of the checks contain the names of people or entities who appeared before the grand jury as witnesses or were considered at some point during the investigation as possible targets, and that disclosure would release the names of these people or entities to the public.

Two of the primary reasons for the policy of grand jury secrecy is "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes," and "to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 n. 6, 78 S.Ct. 983, 986 n. 6, 2 L.Ed.2d 1077 (1958). It follows that the scope of secrecy afforded to grand jury materials encompasses "the disclosure of information which would reveal the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like." *Church of Scientology Int'l*, 30 F.3d at 235 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C.Cir.1980)).

In light of the policy objectives of encouraging witness testimony and protecting innocent accused, the fact that the requested materials contain the names of either witnesses or targets of the grand jury investigation, and the probability that these names would be released to the public, the Court finds that the government has provided a sufficient basis that disclosure of the grand jury exhibits would implicate the secrecy concerns protected by Rule 6(e). The Commission's interest in obtaining these grand jury exhibits is clearly outweighed by the public's interest in maintaining the secrecy of grand jury proceedings. *See Douglas Oil*, 441 U.S. at 223, 99 S.Ct. at 1675.

Furthermore, when the Court previously authorized the release of the grand jury documents at issue to the Secretary of Justice under the exception contained in Rule 6(e)(3)(E)(iii), the Court ordered that "[t]he use of these and all other grand jury materials shall be limited exclusively to criminal proceedings." (Docket No. 620.) The Court imposed this restriction to ensure that the secrecy requirement of Rule 6(e) was preserved. The sanctity of the grand jury secrecy requirement is not to be taken lightly. This is evident by the fact that violation of the grand jury secrecy requirement is sanctioned as contempt of court. Fed.R.Crim.P.R. 6(e)(7). The Court has considered Petitioner's response (Docket No. 675) to the United States Attorney's Office's opposition and finds it unpersuasive. Hence, the Court fully agrees with the arguments propounded by the United States Attorney's Office and will deny Petitioner's request.

The Clerk of the Court shall serve this order to the Secretary of Justice of the Commonwealth of Puerto Rico, William Vázquez Irizarry.

## CONCLUSION

In view of the aforementioned, the Court **denies** Petitioner García Cabán's motion requesting the production of grand jury documents (Docket No. 671).

**IT IS SO ORDERED.**